UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

LEO J. HOLSTINE and,  Case No. 11-51724
PAULA T. HOLSTINE,
 Chapter 7
      Debtors. Hon. Marci B. McIvor

_____/

## OPINION DENYING TRUSTEE'S MOTION FOR STAY PENDING APPEAL

This matter is before the Court on the Trustee's Motion for Stay Pending Appeal of this Court's September 8, 2011 Order Denying "Trustee's Objection to Debtors' Claim of Exemption" with respect to Debtor Leo Holstine's exemption of a workers' compensation redemption payment in the amount of $138,000 under § 522(d)(11)(E). The Trustee requests that the Court's September 8, 2011 Order Denying "Trustee's Objection to Debtors' Claim of Exemption" be stayed pending appeal. The Trustee also requests that TCF National Bank be prohibited from allowing the cash in account number XXXXXX539 to be diminished in any amount less than $70,000, and that the Debtors be prohibited from disposing of the first $70,000 in that account. The Trustee brings this motion for stay pending appeal pursuant to Fed. R. Bankr. P. 8005, L.B.R. (E.D. Mi.) 9014-1, and the applicable Federal Rules of Civil Procedure.

The Debtors oppose this Motion for Stay Pending Appeal.

## FACTUAL BACKGROUND

On March 17, 2011, Leo Holstine settled his pending workers' compensation

claim against his employer. The settlement was effectuated by a Redemption Order. The Redemption Order provided for the lump-sum payment to Leo Holstine the amounts of $138,601.46 (balance of settlement), and $20,000.00 (medical set aside). Leo Holstine received the redemption payments (in the form of three or four separate checks) in early April, 2011. These checks/payments were deposited into the Holstine's joint account(s) with TCF Bank. Of the approximate total of $158,000.00 received, approximately $154,000.00 remains intact in the subject joint TCF Bank accounts, with the Holstines having used some proceeds, pre-petition, for payment of on-going medical expenses and personal expenses.

On April 25, 2011, Leo J. Holstine and Paula T. Holstine (the "Debtors") filed a joint voluntary petition under Chapter 7 of the U.S. Bankruptcy Code. The Debtors scheduled a $138,601.46 joint TCF National Bank deposit account containing "proceeds from workers comp redemption" on line 2 of Schedule B. On June 28, 2011, the Debtors filed an amended Schedule C wherein the Debtor Leo Holstine claimed the amounts attributable to the proceeds from the workers' compensation redemption as fully exempt pursuant to 11 U.S.C. § 522(d)(11)(E). On July 7, 2011, the Trustee filed his Objection to Debtors' Amended Claims of Exemption.

On September 7, 2011, this Court held an evidentiary hearing at which it overruled the Trustee's objection to the Debtors' amended claims of exemption. On September 8, 2011, the Court entered its "Order Denying Trustee's Objection to Debtors' Claim of Exemption".

On September 14, 2011, the Trustee filed his Notice of Appeal from the September 8, 2011 "Order Denying Trustee's Objection to Debtors' Claim of

Exemption". The Trustee's appeal alleges that the Bankruptcy Court erred when it decided that workers' compensation redemption funds were exempt under 11 U.S.C. § 522(d)(11)(E).

ANALYSIS

In determining whether a stay pending appeal should be granted under Fed. R. App. P. 8(a), a court considers the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, et. al.*, 945 F. 2d 150, 153 (6th Cir. 1991). In determining whether to issue an injunction, a bankruptcy court must consider four factors:

1. whether the movant has shown a strong or substantial likelihood of success on the merits;

2. whether the movant has demonstrated irreparable injury;

3. whether the issuance of an injunction would cause substantial harm to others; and

4. whether the public interest is served by the issuance of an injunction.

*American Imaging Services, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.*, 963 F.2d 855, 858-59 (6th Cir. 1992) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)). The moving party bears the burden of proving by a preponderance of the evidence that a stay should issue. "[A] court's decision to [grant or] deny a Rule 8005 stay is highly discretionary." *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997).

To prevail on this Motion, the Trustee must first establish a likelihood of success

3

on appeal, i.e. that the Debtors' exemption of his workers' compensation redemption is not exemptible under § 522(d)(11)(E). Section 522(d)(11)(E) states:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> * * *
>
> (11) The debtor's right to receive, or property that is traceable to –
>
> * * *
>
> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

As explained in the Court's September 7, 2011 Opinion, issued from the bench, the Court found the Debtor's workers' compensation redemption award is property that is traceable to a payment in compensation of loss of his future earnings. Therefore, the award may be exempted to the extent reasonably necessary for the support of the Debtor and his wife. The Court found that there was no basis for precluding the Debtor from exempting the lump-sum pre-petition redemption of his workers' compensation claim under § 522(d)(11)(E). The Debtor testified that he was permanently disabled, that the award was calculated based on the present value of his future earnings and that he and his wife were using this workers' compensation award to pay for their living expenses.

The Trustee does not contest any of the relevant facts. Those facts are that the money the Debtor seeks to exempt is traceable to a workers' compensation award, awarded for the specific purpose of compensating the Debtor for the loss of future earnings. Nor does the Trustee dispute that the entire amount of this award is reasonably necessary for the support of the Debtor and the Debtor's dependants. The

4

Trustee's argument that it will prevail on appeal is based on a purely legal issue. The Trustee argues that, as a matter of law, the Debtor cannot exempt a workers' compensation recovery under 11 U.S.C. § 522(d)(11)(E) because that section is limited to the exemption of tort recoveries.

The case law does not support the Trustee's argument that 11 U.S.C. § 522(d)(11)(E) is limited to the exemption of tort recoveries. While there is case law which has reached that conclusion, those cases were decided in the context of whether to exempt a workers' compensation award under the more generous exemption provisions of § 522(d)(10) or the more restrictive provisions of 11 U.S.C. § 522(d)(11)(E).[1] See, *Casarow v. Evans (In re Evans)*, 29 B.R. 336, 339 (Bankr. D.N.J. 1983)("section 522(d)(11) is most reasonably interpreted as applying to general tort-related awards, and not worker's compensation awards" because worker's compensation awards are exempt, in their entirety under § 522(d)(10)(C), and are not limited to an amount necessary for the debtor's support; in this case, debtor's workers' compensation award was exempt, in its entirety, under § 522(d)(10)); *In re Cain*, 91 B.R. 182, 183 (Bankr. N.D. Ga. 1988)("Because Worker's Compensation benefits are disability benefits and because the statutory amounts, whether periodic or lump sum, are 'not much higher than is necessary to keep the worker from destitution,' the limitations of § 522(d)(11)(D) and (E) are not applicable and the benefits are exempted in their entirety under § 522(d)(10)(C)."); *See also, In re LaBelle*, 18 B.R. 169, 170

---

[1] 11 U.S.C. § 522(d)(10) does not restrict the exemption of an award of benefits "to the extent reasonably necessary for the support of the debtor and any dependant of the debtor." If a benefit qualifies for exemption under 11 U.S.C. § 522(d)(10), one-hundred percent of the benefit is exempt.

5

(Bankr. D. Me. 1982); *In re Thomas*, 1990 WL 62438 (Bankr. D. Minn. 1990). The case law all stands for the proposition that a workers' compensation award is exempt under 11 U.S.C. § 522(d)(10)(C) rather than § 522(d)(11)(E).

The cases cited above are representative of the case law prior to the issuance of *In re Sanchez*, 362 B.R. 342 (Bankr. W.D. Mich. 2007). In *Sanchez*, the court revisited the issue of whether a workers' compensation award is properly exempted under 11 U.S.C. § 522(d)(10)(C) or 11 U.S.C. § 522(d)(11)(E). After reviewing the relevant case law and the legislative history, the *Sanchez* court concluded that a debtor may exempt a lump-sum workers' compensation redemption under § 522(d)(11)(E) as long as: (1) the payment is traceable to a payment in compensation of loss of future earnings of the debtor; and (2) only to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The *Sanchez* court found that the legislative history does not support the interpretation of § 522(d)(11)(E) set forth by the Trustee, that being that § 522(d)(11) only applies to tort-based claims and not workers' compensation claims. *Sanchez*, 362 B.R. at 358-360. The *Sanchez* court found that the language of the § 522(d)(11) is clear and, therefore, there is no need to look to the legislative history for guidance in its interpretation. The *Sanchez* court noted that the legislative history itself is not particularly helpful in determining how workers' compensation should be treated under § 522(d)(10) and § 522(d)(11) and does not warrant the conclusion that the inability to exempt a benefit under § 522(d)(10)(C) would preclude exempting a benefit under 11

6

U.S.C. § 522(d)(11)(E).[2]

At the commencement of the evidentiary hearing on September 7, 2011, this Court summarized the case law and stated that, while this Court found the *Sanchez* decision well-reasoned, this Court was undecided as to whether a debtor might also be able to avail himself of the broader protections of 11 U.S.C. § 522(d)(10)(C), even if the debtor had received the workers' compensation award as a pre-petition lump-sum payment. However, this Court also stated that it agreed with *Sanchez* that § 522(d)(11)(E) was clearly not intended by Congress to be limited to the exemption of tort recoveries.

At the conclusion of the evidentiary hearing, this Court found that the Debtor's workers' compensation award fell squarely within the provisions of 11 U.S.C. § 522(d)(11)(E). This Court found that the Debtor's workers' compensation award was property traceable to payment in compensation of loss of future earnings and that the entire amount was necessary for the support of the Debtor and the Debtor's dependants.

The conclusion of the *Sanchez* court that 11 U.S.C. § 522(d)(11)(E) is not limited to tort recoveries was reached after a very detailed and careful analysis of both prior case law and legislative history. This Court's reliance on that conclusion is sound. There is little likelihood that the Trustee will be successful on appeal in convincing an

---

[2]The court in *Sanchez* also found that if the debtor elects to receive a lump-sum payment in settlement of a workers' compensation claim, then § 522(d)(10)(C) is unavailable. This Court does not necessarily adopt that position.

7

appellate court that § 522(d)(11)(E) is restricted in such a manner.[3]

The Trustee has also argued that he will prevail on appeal because the Court "did not rely on any precedent when it determined that § 522(d)(11)(E) was applicable to the bank deposits." In fact, the Court relied on *In re Sanchez*, 362 B.R. 342, which is directly on point. In *Sanchez*, the court held that bank accounts traceable to the lump-sum payment of a workers' compensation award could be exempted under § 522(d)(11)(E). This Court's only possible disagreement with the *Sanchez* court is that this Court has not yet ruled on whether a lump-sum payment received pre-petition might, under some circumstances, also be claimed exempt under 11 U.S.C. § 522(d)(10)(C). However, the unambiguous language of 11 U.S.C. § 522(d)(11)(E) clearly protects a bank account which consists solely of a workers' compensation award because § 522(d)(11) protects both a debtor's "right to receive" a benefit, *or* "property that is traceable to" the payment of a benefit. The Trustee is unlikely to prevail on its argument that the Debtor cannot exempt his workers' compensation benefit on the basis that the award was made pre-petition and deposited in a bank account.[4] The Trustee

---

[3]As noted above, even if a district court were to agree that 11 U.S.C. § 522(d)(11)(E) was limited to tort recoveries, the appropriate relief, based on the case law, would be to remand the case for a determination of whether relief was appropriate under 11 U.S.C. § 522(d)(10)(C).

[4]The only case this Court could find which squarely holds that a workers' compensation award deposited pre-petition into a bank account may not be exempted under 11 U.S.C. § 522(d)(10)(C) or 11 U.S.C. § 522(d)(11)(E) is *In re Michael*, 262 B.R. 296 (Bankr. M.D. Pa. 2001). In light of the fact that every other case which discusses a lump-sum payment of a workers' compensation award allows the cebtor to exempt it under 11 U.S.C. § 522(d)(10)(C) or 11 U.S.C. § 522(d)(11)(E), this Court declines to follow the *Michael* decision. The decision is clearly at odds with Congress' intent to permit the recipient of a workers' compensation award to retain sufficient funds to avoid destitution.

8

has also failed to establish the second element necessary to obtain a stay pending appeal: that he will be irreparably harmed absent the stay. The only potential harm asserted by the Trustee is that the Debtors may reduce the amount of funds in the account to an amount less than that needed to satisfy creditors. Monetary harm, however, is not irreparable injury. *In re Abbo*, 191 B.R. 680, 683 (Bankr. N.D. Ohio 1996) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.") Thus, the liquidation of funds held by the Debtors does not constitute irreparable injury. Furthermore, the Debtors testified credibly that they are relying on these funds to pay their living expenses for the duration of the Debtor husband's life. It is unlikely that the Debtors are going to liquidate their account.

The third factor to be weighed in issuing a stay is the potential harm to the estate absent a stay. In this case, the Debtor redeemed a workers' compensation award. At the evidentiary hearing, the Debtors demonstrated that the funds from the workers' compensation award were necessary for their support. If these funds were taken from the Debtors, the Debtors would have no income on which to live. In reviewing the entire record in this case, the Court finds that the equities balance in favor of allowing the Debtors to utilize those funds to pay for their support.

With respect to the fourth factor, the Court finds that the public interest is not implicated in this case.

For the foregoing reasons, the Trustee's Motion for Stay Pending Appeal is DENIED.

Signed on October 11, 2011

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge